RAYMOND GLENN v. STATE.

No. 24487. November 16, 1949.

*M. D. Emerson,* Paris, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant was indicted for the theft of one head of cattle from Lloyd Caviness. Upon his trial, the jury assessed a penalty of two years in the penitentiary.

There are a great many bills of exception in the transcript but it will be necessary to consider only that which raises a question as to the sufficiency of the evidence.

A forty-thousand acre tract of government owned land, known as Camp Maxey, lies north of the city of Paris and east of and adjacent to the Caviness community. Along the east side of Camp Maxey is a railroad track. Immediately east of and parallel to it is a Federal Highway No. 271 leading north from

Paris. Near the southeast corner of the forty-thousand acre tract is a neighborhood road leading west from the Federal Highway across the railroad track and meandering to the Caviness community.

Some officers from the department of public safety and the sheriff's office repaired to Camp Maxey at night and, while some of them were hid near an entrance that goes to a corral, described as a part of an old prison of war section of the camp, they saw a Chevrolet car approaching, occupied by two men. Attached to it was a trailer. The car had entered the grounds near this corner. It left the roadway and drove to the corral. The officers who were near enough to see this slipped away in the darkness, got to a telephone and called other officers to their assistance. A short while after that they detained two men who came out of the corral with three yearlings in the trailer. While the officers were engaged in searching these men, near the end of the road coming from the Caviness community above referred to, appellant and another man approached from the west in a maroon Hudson car. They evidently saw the officers' car and, after coming within a short distance of it, turned and went back in a westerly direction at a high rate of speed. Some of the officers gave chase and captured them about two miles away. They were arrested and carried to the court house, as were the men who had the yearlings in the trailer. Mr. Caviness, the owner of the cattle, was called and he identified them that night as his property.

The state sought to connect appellant with the theft of these yearlings. All of the evidence that we find in the record may be briefly summarized to the effect that in the afternoon, about 3:30, Bruce Dodson, a citizen of the community, was passing along this neighborhood road and saw some parties with horses and with this same trailer hitched to a maroon Hudson automobile. Appellant is not identified as one of these people. He did recognize "a Mr. Glasscock." The evidence shows that Holbert Glasscock was with Raymond Glenn in the maroon colored Hudson car which approached the officers and turned back and drove west, as above described. Appellant is said to be the owner of the maroon Hudson car in which he was riding when taken into custody, but this is not identified as the maroon Hudson car which Mr. Dodson saw in the afternoon. Neither is Holbert Glasscock shown to be the same party referred to as "Mr. Glasscock" by Mr. Dodson. It is not shown that appellant had any connection with, or any association with, or that he even knew the two men who were arrested in the Chevrolet car with the cattle in the trailer attached. The evidence falls

far short of creating a circumstance sufficiently strong to support a conviction. If the officers had any reason for their suspicion that appellant was involved, other than the fact that his car turned around at the end of the road he was traveling and went away at a high rate of speed, we do not find it in the record.

It is our conclusion that the evidence is insufficient to support the conviction. The judgment of the trial court is reversed and the cause is remanded.